IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ESTATE OF KENNETH W. TRATAR,      )
                                  )
                Plaintiff,        )
                                  )
        v.                        )      No.  13 C 1562
                                  )
FIRST FEDERAL SAVINGS BANK OF     )
OTTAWA, et al.,                   )
                                  )
                Defendants.       )

<u>MEMORANDUM ORDER</u>

This Court has just received, via random reassignment from
the calendar of its colleague Honorable Elaine Bucklo, the
Complaint in this action brought by the Estate of Kenneth Tratar
against First Federal Savings Bank of Ottawa (the "Bank") and
three of its officers.  Judge Bucklo's exercise of her privilege
under 28 U.S.C. §294(b) to withdraw from the case is quite
understandable, both in light of its turgid nature (it runs fully
54 pages comprising three counts whose allegations total 235
paragraphs, with a 3/4-inch stack of exhibits attached), but this
Court will resist the strong temptation to do likewise--instead
it turns to some problematic aspects of the pleading.

To begin with, Complaint ¶230 (one of the paragraphs under
the centered heading "Sufficiency of Pleading") reads:

        The Complaint includes short, plain and precise
        statements of the basis for relief in accordance with
        Fed. Rule Civ. Proc 8(a).

Whoever drafted the Complaint (more on this subject later)
obviously refers there to a document different from the one that

this Court has read, for the Complaint blatantly flouts the requirement of Fed. R. Civ. P. ("Rule") 8(a)(2) that it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Court is contemporaneously issuing its customary initial scheduling order, it strikes the Complaint sua sponte--without prejudice, of course--and it orders that an Amended Complaint conforming to the cited Rule be filed on or before April 2, 2013 (with a Judge's Copy to be delivered to this Court's chambers in compliance with this District Court's LR 5.2(f)).  In the meantime the defendants must be served with process, but they are <u>not</u> required to respond to the just-stricken Complaint.

    Although the prolix Complaint purports to be prepared (and bears the signature of) Lauren Tratar as "special representative/executor" for the estate of her late husband Kenneth Tratar, it is painfully clear that it was drafted by a lawyer.  There is no prohibition against a lawyer providing some degree of assistance to a pro se litigant,[1] but it is entirely inappropriate to employ the practice exhibited here, and that is particularly so because of the responsibilities imposed by Rule 11(b) and the related provisions of Rule 11(c) on anyone who files and signs a court document.  Accordingly this Court expects

---

[1]  This Court has not looked into, and therefore expresses no view on, whether an estate's "special representative/executor" may proceed pro se rather than through counsel.

the responsible lawyer to come out of hiding and sign the redrafted Complaint.

This memorandum order will eschew any detailed treatment of the multitude of problematic aspects of the existing Complaint in light of the complete overhaul that is required. But the unknown drafter is particularly cautioned to avoid pleading evidence--one of the multiple sins of the present pleading.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 13, 2013