IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF KENNETH W. TRATAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 1562 |
| | ) | |
| FIRST FEDERAL SAVINGS BANK OF OTTAWA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Acting "as special representative/executor for the estate" of her late husband Kenneth Tratar, who died on August 29, 2012, Lauren Tratar ("Tratar") originally filed a pleading that this Court's brief April 24, 2013 memorandum order ("Order II") characterized as a "hopelessly turgid and Rule-violative Complaint."[1] Order I had gone on to strike the Complaint sua sponte, but with leave granted to amend the Complaint on or before April 2. Because Tratar later represented that she had never received that notification, this Court ultimately granted her leave to submit a replacement pleading on or before June 6.

Tratar has now done that, but the First Amended Complaint ("FAC") that she has provided is once again a hopeless mishmash containing such things as (1) legal arguments replete with citations and (2) lengthy assertions and perorations that don't

---

[1] Order II was a follow-up to this Court's March 19, 2013 memorandum order ("Order I"), which (although also brief) had first spoken to the unsatisfactory nature of the Complaint.

belong in complaints that must comply with the Fed. R. Civ. P. ("Rule") 8(a) mandate for "a short and plain statement." More generally, the current submission again fits the earlier "hopelessly turgid and Rule-violative Complaint" characterization. In perhaps the most ironic assertion contained in Tratar's First Amended Complaint ("FAC"), its Paragraph 117--very close to the end--states:

> The Complaint includes short, plain and precise statements of the basis for relief in accordance with Fed. Rule Civ. Proc. 8(a).

In an apparent effort to justify the FAC that she has submitted, Tratar begins it with a paragraph of legal argument (replete with citations) that she heads "Judicial Notice," in which she calls in part on the principle announced in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)(per curiam) that pleadings by pro se litigants are to be examined through a more generous lens. True enough, but that proposition does not begin to excuse what Tratar has tendered here. Defendants as well as plaintiffs have rights, and to require an answer to the wholly unsuitable work product that Tratar has generated here would be unduly oppressive.

But it appears unlikely that this Court will have to send Tratar back to the drawing board once more, for the FAC has disclosed a serious problem as to federal subject matter jurisdiction. FAC Counts I and II sound in Illinois law, as to which counts diversity of citizenship is lacking. Hence Tratar's

only potential door of entry to this District Court is via FAC Count III, which charges defendants with asserted violations of the Fair Debt Collection Practices Act ("Act," 15 U.S.C. §1692 ["Section 1692"]).

In that respect the cases are legion in holding that neither mortgagees nor mortgage servicing companies nor the assignees of mortgage debt nor officers or employees of any of them is a "debt collector" within the meaning of Section 1692a(6). Instead the statutory concept of "debt collector" is limited to those whose principal or regular efforts at collection relate to debts <u>owed to others</u>, not those who seek to collect their own debts. That is the plain message conveyed by the definition in Section 1692a(6), and a review of the annotations to that provision in the United States Code Annotated confirms that message again and again.

FAC Count III reiterates the same charges of fraudulent conduct that are advanced in the two earlier counts grounded in Illinois law, but when the objective reader cuts through all of Tratar's pejorative assertions, her conclusory efforts to bring the Act into play on those charges do not withstand analysis. Indeed, the introductory paragraph in the FAC itself confirms that defendant First Federal Savings Bank of Ottawa is being sued "as a mortgage lender" and that its three named officer defendants (excluded from the Act by the definition in Section

1692a(6)(A)) and 100 unnamed "John Does" are sued "as possible owners of Plaintiff's mortgage." Simply put, Tratar has pleaded herself out of any federal claim.

    Tratar has tried twice, and this Court finds that she has failed both times, both in terms of the untenable nature of her pleading and in jurisdictional terms. There is no reason to believe that she could overcome the glaring deficiencies identified here if she were to try again. Accordingly FAC Count III is dismissed for lack of subject matter jurisdiction. And without that underpinning, Counts I and II fail to meet the supplemental jurisdiction standards of 28 U.S.C. §1367--and they are accordingly dismissed without prejudice. Tratar is left to pursue those claims, if she so desires, in a state court of competent jurisdiction.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: June 13, 2013